**ORIGINAL**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

1:17-cv-07195-WFK-LB

CASE NO.

MOHAMMAD CHOUDHARY

   PLAINTIFF

AMENDED COMPLAINT

V.

COLIN M. BARNARDINO

KILPATRICK TOWNSEND & STOCKTON LLP

WELLS FARGO

BERKADIA COMMERCIAL MORTGAGE LLC


RECEIVED DEC 2 6 2017 PRO SE OFFICE

DEFENDANTS.

**JURY TRIAL DEMANDED**

**COMPLAINT AGAINST THE DEFENDANTS FOR VIOLATIONS OF CIVIL RIGHTS DISRIMINATION BASED ON RELIGION AND RACE AND TORTIOUS INTERFERENCE WITH BUSINESS**

# COMPLAINTS

COMES NOW the plaintiff, Mohammad Choudhary and for his complaint against the Defendants, allege as follows:

## PARTIES

1- I am the plaintiff, Mohammad Choudhary. I am a Muslim citizen of the United States and of State of New York, residing at 4200 Atlantic Avenue, Brooklyn, New York 11224. I was born in Pakistan and immigrated to United States.

2. Defendant Colin M. Barnardino (Barnardino) is a Atlanta based lawyer practicing foreclosure laws as an agent and employee of KILPATRICK TOWNSEND & STOCKTON LLP (KILPATRICK). He frequently comes to New York to do cases dealing with foreclosures of properties owned by the minorities based in and around New York city.

3. Defendant Kilpatrick Townsend & Stockton, LLP is a nationwide law firm, and an employer of Barnardino. Kilpatric frequently engages the services of Barnardino to prosecute its clients cases.

4. Defendant Wells Fargo Bank, N.A., is a national Bank whose business consists in whole or in part in the making of real estate loans to persons and or servicing of loans and or collecting on the loans by suing the borrowers through various courts. Defendant Wells Fargo frequently hires Barnardino to foreclose on properties in New York.

## JURISIDICTION AND VENUE

5. Venue is proper in this District because the unlawful acts of contract or bidding discrimination described herein occurred in this district bankruptcy court building. This Court has federal question jurisdiction. The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction – of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate. 28 U.S.C. § 1334.

6. One Boysin Lorrick and his wife filed for Chapter 11 bankruptcy in the Eastern District of New York. The case number is 16-45645-NHL. The Judge name is Nancy H. Lord.

7. The lawyer of the Debtor, Norma Ortiz filed for auctioning of the property of Mr. Lorick. On the date of the auctioning, I went to the bankruptcy court with my lawyer, Jane Nedleson for the

2

bidding. I had all the paperwork for the closing. I had a bank check of $700,000. The minimum requirement was to bring a check of only 10% of 5.2 million. I took with me 10% of 7 million, because I wanted to make sure that I do not lose the bid or the building. I had commitment for the rest of the money.

8. Right before the bid started, Mr. Bernardino raised objection to my bidding. He said that I do not have proof of funds and did not file qualification papers 15 days earlier before bidding. My attorney, Ms. Nedleson asked Bernardino and Norma Ortiz if there were other bidders in the room, who had not filed the papers 15 days earlier. Mr. Soleyman Ghalchi was one of them, who had also not filed the papers within the so called 15 days bracket. He was the second highest bidder and now the buyer of the property.

9. I was the highest bidder with 7.4 million. Mr. Ghalchi was the next, 7.350 million and the third bidder was Jack for 7 million. When the bidding was over, I heard Mr. Bernardino, talking to the third bidder and saying in front of me, that he, Jack should arrange the money because he was getting me disqualified and the second bidder was withdrawing his bid. The second bidder, Ghalchi was wanting to get out. I pleaded with Bernardino for reasons for disqualifying me. He had no reasons but said that he "just does not want me there." But I know, I was discriminated that a Muslim man would acquire the building It was not acceptable to Bernardino. This place of law becomes a horrible experience. My pride as an American citizen was deeply wounded.

10. Two days afterward, in August of this year, 2017, we went before the judge for confirmation of sale. Mr. Boysin, Ms. Ortiz and Jane Nadelson along with me were waiting outside the courtroom for the courtroom to open. At this time, Mr. Bernardino came and started yelling that he would file motion against me. Object to my wining. He was saying to Ms. Ortiz

3

that he is filing objections against me. Then I said to him, why are you discriminating against me like this. You are repeating the same behavior as you did during the auction. We again had some arguments. My attorney Ms. Nadelson took me to one side. Then Ms. Norma and Boysin approached me took me aside that he would get me disqualified and that I would be in litigation, lengthy litigation and would not ever be able to get the building. I will lose money and never get the building. In the meantime the courtroom opened, we all went in. The next thing I know is that I was not approved. The threat by this lawyer from Atlanta caused me deep hurt. I am a victim of discrimination caused by Bernardino, his law firm and his client, Wells Fargo.

11. After a week Mr. McCord started a lawsuit to withdraw his bid or started allegations against Ms. Ortiz and Boysin and me stating some bidding collusion. After seeing this challenge from Mr. McCord, all four people, Ms. Ortiz, Mr. Mccord, Mr. Barnadino and Jane Nadelson talked with each other. And they all agreed that I would step into the shoes of Mr. Galchi. Norma Ortiz called me to bring a check of $730,000. Then she called me again to bring another check of $730,000 as an extension of 30 days. The second was brought on an emergency footing to meet the deadline. I was with Mr. Boysin and Mr. Vitto and this check was physically delivered to her TD Bank. They said they will speak to the court for my approval. However at the last minute, Mr. Barnadino backed out. This was my second chance. Mr. Barnadino' malice towards my religion came in between. As he said to one of the man in the court, he would not want Pakis in United States.

12. Mr. Barnardino prevented me to do my business, bid for the property. He prevented me from being equal to other bidders. I had more money to pay. But I was not accepted because of my race and religion.

**FIRST CLAIM FOR RELIEF**

4

13. I, the plaintiff incorporate herein the allegations contained in paragraphs 1 through 12 above.

14. Defendants Barnardino, Kilpatric and Wells Fargo with racially discriminatory intent denied the bidding in the auction for which I had applied because of my religion and race.

15. Defendants Barnardino, Kilpatric and Wells Fargo with racially discriminatory intent denied me the benefit of highest bidder under false pretense that I did not have funds, when I had all the funds.

16. Denial of my bid was racially discriminatory. There was no reason to deny me the benefit of winning the bid, when I had all the money. I had contracted to pay all the money as the highest bidder.

17. Three times, I tried, I was put down by the defendants from buying the property, though my bid was allowed and my checks were accepted.

18. These actions of the defendants violated 42 U.S.C. § 1981 which bans discrimination in property, contract and economic rights.

19. As a proximate cause of the denial for racially discriminatory reasons of my winning bid by defendants I have suffered compensatory damages in the form of economic loss, humiliation, embarrassment, mental anguish, inconvenience, and the deprivation of civil rights.

20. The actions of Barnardino as an agent of the other defendants were intentional and willful and warrant the imposition of punitive damages.

## SECOND CLAIM FOR RELIEF

5

21. I, the plaintiff incorporate herein the allegations contained in paragraphs 1 through 20 above.

22. All three defendants, Barnardino, Kilpatric and Wells Fargo conspired to prevent me from buying a property in the auction. Barnardino threatened me with the lawsuit and threatened the debtor and his lawyer from allowing me to have the property, even though I was the highest bidder. Barnardino animus was very much there when he would not want Pakis around and when no reasons were given for not clearing my name to buy the property.

23. I was not allowed exercise my rights and privleges as a citizen on equal basis with others, because I was prevented by the plaintiff because of my racial origin and Islamic religion.

24. These actions of the defendants violated 42 U.S.C. § 1985 (3).

25. As a proximate cause of conspiring among themselves, directly or indirectly preventing me from exercising my rights, privileges by racially discriminatory reasons by defendants Barnardino, Kilpatric and Wells Fargo, I have suffered compensatory damages in the form of economic loss, humiliation, embarrassment, mental anguish, inconvenience, and the deprivation of civil rights.

26. The actions of defendants were intentional and willful and warrant the imposition of punitive damages.

### THIRD CLAIM FOR RELIEF

27. I, the plaintiff incorporate herein the allegations contained in paragraphs 1 through 26 above.

28. The defendants individually and through their agent Bernardino interfered with business expectancy.

6

29. I executed all the requirement of bidding. I did bid in auction. I had all the money. Yet the defendants through Bernardino tortuously interfered with he the prospective economic advantages. When I could have bought the building, and I was the highest bidder. I could have by adding value to the property could have sold it further for higher profits. I would have made at least 2 million dollars on the sale of the property. I could not get this property solely because of the interference of the defendants. The defendants and their agent Barnardino intentionally and unjustifiably breached the understood agreement that the highest bidder will have the property. I was the highest bidder, yet Barnardino prevented me from acquiring it. Barnardino threatened the debtor, debtor's lawyer and me with the lawsuit if the property was given to me.

30. I was not given the property because of the complained acts of the defendants. Barnardino malicious prevented me from having the property. The second bidder was given the property.

31. I suffered economic damages because of the acts of Barnardino and his employers. I refinanced my properties to obtain the loan to bid in the auction. I paid brokers fees to obtain the loan, I am making interest payment on the loan. Had the defendants not interfered with the auction process, I would not have had such damages and I could have had only economic advantages from the acquiring of the property. Twice I tried one at the bidding time nad second when the second bidder wanted to walk away. I twice brought money to the debtor's counsel to buy the property. Bernardino prevented me from acquiring interest. I have suffered serious economic damages.

32. Barnardio acted willfully and maliciously. Barnardino knew that I was the highest bidder. Barnardino knew I had the money to pay for the purchase. Barnardino knew I was the right person to get the property. Yet he prevented me from acquiring my properly acquired right to property.

7

33. As a proximate cause of interfering with my business and expected ownership of the property, directly or indirectly preventing me from business rights and expectancy by defendants Barnardino, Kilpatric and Wells Fargo, I have suffered compensatory damages in the form of economic loss, humiliation, embarrassment, mental anguish, inconvenience, and the deprivation of civil rights and business advantage.

34. The actions of defendants were intentional and willful and warrant the imposition of punitive damages.

WHEREFORE, I the plaintiff pray for the following relief:

(A) A declaratory judgment that the actions of the defendants were intentionally racially discriminatory and in violation of Civil Rights Acts;
(B) A Judgment against the defendants for interfering with the plaintiff's business expectancy and for tortuously interfering with the contract of the plaintiff with the debtor;
(C) Compensatory damages against the defendants with amounts to be determined in the trial;
(D) Punitive damages on all Claims with an amount to be determined at the trial;
(E) Judgement against the defendants for actual, liquidated, punitive and statutory damages, for equitable relief; pre-judgment and post-judgment interest, and for the costs of litigation.
(F) (F) Any other relief to which plaintiff may be entitled in law or in equity.

The Plaintiff demands a trial by Jury on all Issues

December ~~10~~, 2017

12/11/2017

12/26/2017

CC

Mohammad Choudhary the Plaintiff
4200 Atlantic Avenue
Brooklyn, New York 11224

(1) COLIN M. BARNARDINO
(2) KILPATRICK TOWNSEND & STOCKTON LLP
(3) WELLS FARGO

8

**Kilpatrick Townsend & Stockton**

The grace building

1114 Avenue of the Americas

New York, NY 10036-7703


Colin M. Bernardino

Kilpatrick Townsend & Stockton LLP

1100 Peachtree Street, Suite 2800

Atlanta, Georgia 30309

Telephone: (404) 815-6500

Facsimile: (404) 815-6555

Email: cbernardino@kilpatricktownsend.com


Wells Fargo

C/O Colin M. Bernardino

Kilpatrick Townsend & Stockton LLP

1100 Peachtree Street, suite 2800

Atlanta, Georgia 30309


Berkadia Commercial Mortgage LLC

118 Welsh Road

Horsham, PA 19044