

**KILPATRICK TOWNSEND**
ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

1114 Avenue of the Americas
New York, NY 10036
t 212 775 8700  f 212 775 8800

direct dial 212 775 8713
direct fax 212 954 5555
kbrandofino@kilpatricktownsend.com

January 31, 2018

**VIA ECF AND**
**UPS OVERNIGHT COURIER:**
Honorable Lois Bloom, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:    *Mohammad Choudhary v. Colin M. Barnadino, et al.*
            CV 17-7195 (WFK) (LB)

Dear Judge Bloom:

    We are counsel for all of the defendants in the above-referenced matter. We understand Judge Kuntz assigned this matter to Your Honor for all pretrial purposes.

    We write to apprise Your Honor that, on January 22, 2018, the defendants filed the enclosed letter to Judge Kuntz requesting a pre-motion conference with respect to the defendants' intention of filing a motion to dismiss plaintiff's Amended Complaint.

    We are available for any questions or concerns Your Honor may have.

                              Respectfully,

                              KILPATRICK TOWNSEND & STOCKTON LLP

                              By: _____
                                Keith M. Brandofino, Esq., Partner

Enclosure
cc:    Mohammad Choudhary (via ecf)
       Karamvir Dahiya, Esq. (via ecf)
       Frederick L. Whitmer, Esq. (via e-mail)
       David V. Mignardi, Esq. (via e-mail)

ANCHORAGE  ATLANTA  AUGUSTA  CHARLOTTE  DALLAS  DENVER  HOUSTON  LOS ANGELES  NEW YORK  RALEIGH  SAN DIEGO
SAN FRANCISCO  SEATTLE  SHANGHAI  SILICON VALLEY  STOCKHOLM  TOKYO  WALNUT CREEK  WASHINGTON  WINSTON-SALEM

13829856V.1 057301/1073689


KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

1114 Avenue of the Americas
New York, NY 10036
t 212 775 8700 f 212 775 8800

direct dial 212 775 8713
direct fax 212 954 5555
kbrandofino@kilpatricktownsend.com

January 22, 2018

**VIA ECF**
Honorable William F. Kuntz, II, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:    *Mohammad Choudhary v. Colin M. Barnadino, et al.*
             CV 17-7195 (WFK) (LB)

Dear Justice Kuntz:

We are counsel for all of the defendants in this action and write to request a pre-motion conference with respect to the defendants' intention to file a motion for dismissal, with prejudice, of plaintiff's Amended Complaint dated December 26, 2017.

### I.    Background

Plaintiff's claims arise out of the Bankruptcy Court-ordered sale of a 36 unit apartment building located at 3126 Coney Island Avenue, Brooklyn, New York (the "Property") in the Chapter 11 bankruptcy case *In re Boysin Ralph Lorick and Cynthia Theresa Lorick* (the "Debtors") pending in the United States Bankruptcy Court, Eastern District of New York under Case No. 16-45645 (the "Bankruptcy Proceeding"). Ultimately, Debtors rejected plaintiff's bid and he now seeks to address his grievances in this Court by manufacturing claims against defendants that simply have no basis in law or fact, are barred by orders of the Bankruptcy Court and upon which no relief can be granted.

Below is a description of the parties' interests and relevant procedural history from the Bankruptcy Proceeding that gives rise to this action:

- Wells Fargo Bank, N.A., as Trustee for the registered holders of Sovereign Commercial mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1, sued herein as Wells Fargo ("WFB") is a secured creditor of the Debtors that held a mortgage lien on the Property.

ANCHORAGE ATLANTA AUGUSTA CHARLOTTE DALLAS DENVER HOUSTON LOS ANGELES NEW YORK RALEIGH SAN DIEGO
SAN FRANCISCO SEATTLE SHANGHAI SILICON VALLEY STOCKHOLM TOKYO WALNUT CREEK WASHINGTON WINSTON-SALEM

13776975V.2 057301/1073689

- Berkadia Commercial Mortgage LLC ("Berkadia") is WFB's master servicer with respect to the loan held by WFB.
- Colin M. Bernardino, Esq., incorrectly sued herein as Colin M. Barnardino, is a partner at Kilpatrick Townsend & Stockton LLP, which represented WFB in the Bankruptcy Proceeding.
- By motion dated June 9, 2017, Debtors sought permission of the Bankruptcy Court to conduct a sale of the Property pursuant to specific bidding procedures.
- By order dated July 25, 2017 (the "Bidding Procedures Order"), the Honorable Nancy Hershey Lord, U.S.B.J., directed that the Property be sold at auction on August 22, 2017 pursuant to the bidding procedures (the "Bidding Procedures") attached to the Bidding Procedures Order.
- The Bidding Procedures provides in relevant part at Section IV entitled "Evaluation of Qualified Bids" that: "… All Qualified Bids will be considered, **but the Debtors reserve the right to reject any and all bids other than the highest or otherwise best bid in the Debtors' business judgment** in consultation with the secured lender…" (Emphasis added.)
- The Bidding Procedures provides in relevant part at Section VI entitled "Selection of Successful Bid" that: "**The Debtors will sell the Property for the highest bid to the Successful Bidder upon the approval of such Qualified Bid by the Bankruptcy Court at the Sale Hearing.** The presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Debtors' acceptance of the Qualified Bid. The Debtors will be deemed to have accepted a Qualified Bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing." (Emphasis added.)
- At the auction of the Property on August 22, 2017, Mr. Choudhary submitted the highest bid of $7.4 million and Soleyman Ghalchi submitted the second highest bid of $7.35 million. Thereafter, WFB objected to the selection of Mr. Choudhary as the successful bidder due to, *inter alia*, his failure to provide proof of his financial ability to consummate the purchase of the Property as required by the Bidding Procedures Order.
- At the August 24, 2017 sale hearing, Debtors decided not to seek approval of Mr. Choudhary's bid and ultimately recommended Mr. Ghalchi, not Mr. Choudhary, as the successful bidder. In furtherance of Debtors' decision, by Order dated September 8, 2017 (the "Sale Confirmation Order"), the Honorable Carla E. Craig, U.S.B.J., approved Mr. Ghalchi as the successful bidder. Thereafter, on November 21, 2017, Debtors conveyed the Property to Mr. Ghalchi.

## II. The Dismissal of the Amended Complaint is Warranted

A. The First and Second Causes of Action: 42 U.S.C. §§ 1981 and 1985(3)

By his first and second causes of action, Mr. Choudhary alleges that defendants prevented him from being selected as the successful bidder due to his "racial origin and Islamic religion[]" and, thereby, violated 42 U.S.C. §§ 1981 and 1985(3). *See* Amended Complaint ¶ 24. The essential elements of a § 1981 claim are: "(1) plaintiff's membership in a racial minority; (2) defendant's intent to discriminate on the basis of race; and (3) discrimination concerning the plaintiff's ability to make and enforce contracts, sue, be party to a suit, give evidence, or fully and equally enjoy

the benefit of all laws and proceedings for the security of persons and property." *McNeill v. People of City and State of New York*, 242 Fed.Appx. 777, 778 (2d Cir. 2007). In turn, "[t]o state a claim under § 1985(3), a plaintiff must allege "(1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).

Here, the Bidding Procedures Order makes it impossible for defendants to have either personally or as part of a purported conspiracy, committed an overt act to deprive Mr. Choudhary of his ability to purchase the Property because the decision to proceed with Mr. Choudhary as the Successful Bidder could be made only by Debtors and ultimately the Bankruptcy Court. In this regard, the Sale Confirmation Order demonstrates that Debtors denied Mr. Choudhary the ability to purchase the Property because Debtors' selected Mr. Ghalchi as the successful bidder, a selection that Chief Judge Craig approved. *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000) ("A claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement.") (quotations omitted).

B.   The Third Cause of Action: Tortious Interference with Contract/Contractual Relations

By his third and final cause of action, Mr. Choudhary alleges that defendants "tortuously [sic] interfered" with his business. See Amended Complaint ¶¶ 29, 33. "The elements of a claim for tortious interference with a contract . . . are the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom." *Makhoui v. Watt, Tieder, Hoffar & Fitzgerald, L.L.P.*, 662 Fed.Appx. 33, 35 (2d Cir. 2016) (quotations omitted). Defendants could not have tortiously interfered with Mr. Choudhary's contract to purchase the Property because no such contract ever existed as his bid remained subject to approval of Debtors and the Bankruptcy Court. Specifically, the *Albert v. Loksen*, 239 F.3d 256, 274-75 (2d Cir. 2001) (a valid, existing contract is a requirement of a tortious interference claim).

Counsel for the defendants are available at the Court's convenience for a pre-motion conference. We thank the Court for its time and consideration of this request.

Respectfully,

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____
Keith M. Brandofino, Esq., Partner

cc:   Mohammad Choudhary, *pro se* (via overnight mail)
      Frederick L. Whitmer, Esq. (via e-mail)
      David V. Mignardi, Esq. (via e-mail)